**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIAM T. BARNES et al. | * | |
| | * | |
| v. | * | Civil Action WMN-09-CV-3020 |
| | * | |
| ONTARIO DRIVE & GEAR LTD. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Before the Court is Defendant Ontario Drive & Gear Limited's Motion to Dismiss Plaintiffs' Complaint in Favor of, or to Compel, Arbitration. Paper No. 18. Plaintiff[1] has not opposed the motion and the time for doing so has passed. Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the Motion will be granted as set forth below.

**I.    BACKGROUND**

Plaintiff alleges that he has been a dealer and distributor of Defendant's off-road vehicles for over four decades. The distributorship territory encompassed the entire east coast and Plaintiff spent significant time and money establishing a substantial number of dealerships within that territory.

---

[1] The Complaint names as Plaintiffs both William Barnes and William T. Barnes ARGO Sales, an entity for which William Barnes is the sole proprietor. The Court will, hereinafter, refer to both simply as "Plaintiff."

Plaintiff claims that he signed a dealership contract in 2005 (2005 Agreement) with Defendant that was to expire in 2010.

In 2007, however, Defendant allegedly told Plaintiff that he would either have to agree to significantly reduce his territory over the following 18 months or face immediate termination of his distributorship contract. Plaintiff alleges that he signed a new distributorship contract with Defendant in 2007 (2007 Agreement) that reduced his distribution territory over the 18 month period until he no longer serviced dealers; although he could remain a dealer himself if he chose. Plaintiff also alleges that the 2007 Agreement required Defendant to buy back or assist in selling Plaintiff's inventory.

Since that time, Plaintiff alleges that he had many long term sales that Defendant actively prevented him from consummating, that Defendant started new dealerships in competition with Plaintiff's dealerships in contravention of the 2007 Agreement, and that it has since refused to repurchase Plaintiff's inventory as agreed and instead has tried to take it back by force. Plaintiff has asserted four counts in his Complaint: 1) violation of the Maryland Equipment Dealer Contract Act relating to the termination of the 2005 Agreement; 2) breach of the 2007 Agreement; 3) tortuous interference with

contractual relations; and 4) tortuous interference with economic opportunities.

The 2005 Distributorship Agreement[2] includes the following arbitration provision:

> 23. Binding Arbitration
>
> The parties hereto agree to arbitrate any controversy or claim arising out of or relating to this Agreement, or any breach thereof, including, without limitation, any claim that any of the said Agreement, or any part therefor, is invalid, illegal or otherwise voidable or void, shall be submitted to arbitration in New Hamburg, Ontario and in accordance with the provisions of the Commercial Arbitration Rules of the American Arbitration Association; provided, however, that this clause shall not be construed to limit or to preclude either party from bringing any action in any court of competent jurisdiction for injunctive or other provisional relief as necessary or appropriate including, but not limited to, controversies or claims relating to the use of the ODG trademarks, trade names or logos. The following provisions shall govern any arbitration thereunder:
>
> a)   The parties shall select one arbitrator if they can agree upon one, failing which each party in

---

[2] Attached to Defendant's Motion is the 2005 Distributorship Agreement between the Parties. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court generally may not consider any material beyond the pleadings. See Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999). The Court may consider material attached to the motion to dismiss, however, that "was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." Phillips v. LCI Int'l Inc., 190 F.3d at 618 (internal citations omitted). Here, the 2005 Contract was specifically relied upon in Plaintiff's Complaint and is the contract specifically at issue in Count I. As Plaintiff has not responded to Defendant's Motion to Dismiss, Plaintiff has not challenged the contract. Therefore, the Court will consider it in its decision.

        dispute shall choose one arbitrator and then such arbitrators so selected shall select an additional arbitrator;

   b)    The award of a majority of the arbitrators so selected shall be final and binding on the parties hereto.

## II.  DISCUSSION

In arguing for dismissal, Defendant relies upon both the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., and the Maryland Uniform Arbitration Act (MUAA), Md. Code Ann., Cts. & Jud. Proc. § 3-201 et seq.  Regardless of which statute provides the governing law over this motion, the outcome is the same.  See Holmes v. Coverall N. Am., Inc., 649 A.2d 365, 368 (Md. 1994) (holding that because the state act is essentially the state analogue to the federal act and the policy underlying both statutes favoring enforcement of arbitration agreements was the same that the court would "rely on decisions interpreting the Federal Arbitration Act.").  Thus, when deciding whether to give effect to an arbitration agreement, the Court must bear in mind the "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

Under this liberal policy, courts should grant requests to arbitrate a dispute "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  United

Steelworkers of Am. v. Warrior & Gulf Navigation, 363 U.S. 574, 582-83 (1960).  "'[A]ny doubts concerning the scope of arbitral issues should be resolved in favor of arbitration . . . .'" O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997) (quoting Moses H. Cone, 460 U.S. at 24-25).

Both Acts provide that when a court determines that an issue in a judicial proceeding is referable to arbitration, upon motion by one of the parties, the court "shall" stay the proceeding until that issue is arbitrated.  9 U.S.C. § 3; Md. Code Ann., Cts. & Jud. Proc. § 3-209.  When all of the issues presented in a lawsuit are arbitrable, however, "dismissal is a proper remedy."  Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).

The 2005 Agreement provides for arbitration of "any controversy or claim arising out of or relating to this Agreement, or any breach thereof," with an exception for injunctive or other provisional relief.  All of Plaintiff's Counts involve money damages and the exception does not, therefore, apply.

The Supreme Court and the Fourth Circuit have construed language such as that used here – "any controversy or claim arising out of or relating" to an agreement – to be broad arbitration clauses capable of an expansive reach.  See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398, 406

(1967) (labeling as "broad" a clause that required arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement."); American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 93 (4th Cir. 1996) (same). Given the broad scope of the arbitration clause's language, Defendant argues and this Court agrees that all of Plaintiff's claims in Counts I through IV of their Complaint likely "arise out of or relate to" the 2005 Agreement or "any breach thereof" and dismissal in favor of arbitration is appropriate.

Count I alleging that the termination of the 2005 Agreement violates the Maryland Equipment Dealer Contract Act is clearly a claim arising out of or relating to the 2005 Agreement. It involves both a determination of whether the 2005 Agreement was terminated and, if terminated, whether it was terminated in good faith.

Counts II through IV also appear to arise out of or relate to the 2005 Agreement. Plaintiff incorporated the same factual allegations in these Counts that gave rise to Count I. Moreover, each of them arises as a result of Plaintiffs allegations relating to Defendant's termination of the 2005 Agreement and purported acts of bad faith in connection with that termination. Even if the Court could not conclude with certainty, however, that claims such as those raised in Counts II through IV were intended to be arbitrated, the ambiguity is

to be resolved in favor of arbitration.  Accordingly the Court will dismiss Plaintiffs' Complaint in favor of arbitration.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint in Favor of, or to Compel, Arbitration will be granted.  A separate order will issue.

                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge

January 20, 2010